IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

*12/9/08*

**GARY EVANS**, as Personal Representative
of the Estate of **ISAAC SINGLETARY**, deceased.
      Plaintiff,

vs.

CASE NO.:

*3:08-CV-1186-J-34TEM*

**JAMES NARCISSE**, individually and in his
official capacity as a detective with the Jacksonville
Sheriff's Office, **DONALD MAYNARD**, individually
and in his official capacity as a detective with the
Jacksonville Sheriff's Office, **DARRIN GREEN**, individually
And in his official capacity as a detective with the
Jacksonville Sheriff's Office, the **JACKSONVILLE
SHERIFF'S OFFICE**, and the **CITY OF
JACKSONVILLE**, a political subdivision
of the State of Florida,
      Defendants.
      Jointly and Severally
_____/

**COMPLAINT FOR
DAMAGES**

**DEMAND FOR
JURY TRIAL**

## COMPLAINT
### Introduction

1. This is an action for money damages brought by **GARY EVANS**, as Personal

Representative of the Estate of **ISAAC SINGLETARY**, pursuant to 42 U.S.C. § 1983, the

Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and Florida

Wrongful Death Statute § 768.21, against the **JACKSONVILLE SHERIFF'S OFFICE**, the

**CITY OF JACKSONVILLE, JAMES NARCISSE**, individually and in his official capacity as

a detective with the Jacksonville Sheriff's Office, **DONALD MAYNARD**, individually and in

his official capacity as a detective with the Jacksonville Sheriff's Office and **DARRIN GREEN**,

individually and in his official capacity as a detective with the Jacksonville Sheriff's Office.

2. The event giving rise to this action is the wrongful death of **ISAAC SINGLETARY**.

1

## JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. § 1983; the Florida Wrongful Death Statute

§ 768.21 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the

events or omissions giving rise to this claim occurred in the Middle District of Florida.


## PARTIES

7.  At all times material herein **ISAAC SINGLETARY** was of full age and a resident of

Jacksonville, Florida.

8.  Plaintiff **GARY EVANS** has been appointed as the Personal Representative of the

Estate of **ISAAC SINGLETARY**, and brings this claim in his capacity as Personal

Representative of the estate.  A copy of the Letter of Administration is attached as Exhibit "A" to

this complaint.

9.  Defendant **CITY OF JACKSONVILLE** (hereinafter "CITY") is a political

subdivision of the State of Florida, with authority to sue and to be sued, and was at all times

relevant herein acting within the course and scope of its authority and under color of law.  At all

times relevant herein **CITY** employed Defendants **JAMES NARCISSE** (hereinafter

"NARCISSE"), **DONALD MAYNARD** (hereinafter "MAYNARD") and **DARRIN GREEN**

hereinafter "GREEN").  Defendant **CITY** is a final policy maker.

10.  Defendant **JACKSONVILLE SHERIFF'S OFFICE** (hereinafter "JSO") is a division

2

of the **CITY**, a political subdivision of the State of Florida, with the authority to sue and to be sued, and was at all times material herein acting within the course and scope of its authority and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the **CITY**. At all times relevant herein, **JSO** employed **NARCISSE, MAYNARD** and **GREEN**. Defendant **JSO** is a final policy maker.

11. Defendants **CITY** and **JSO** have waived sovereign immunity pursuant to Florida Statute § 768.28.

12. At all times material herein, Defendant **NARCISSE** was employed by **JSO** and **CITY** as a duly appointed and acting law enforcement officer, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida, **CITY** and **JSO**.

13. At all times material herein, Defendant **GREEN** was employed by **JSO** and **CITY** as a duly appointed and acting law enforcement officer, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida, **CITY** and **JSO**.

14. At all times material herein, Defendant **MAYNARD** was employed by **JSO** and **CITY** as a duly appointed and acting law enforcement officer, acting under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida, **CITY** and **JSO**.

## FACTUAL ALLEGATIONS

15. On or about January 27, 2007, **ISAAC SINGLETARY** was at his residence located at 2312 Westmont Street in Jacksonville, Florida.

16. In the afternoon of that date, Defendants **NARCISSE** and **GREEN**, disguised as drug dealers, trespassed onto **ISAAC SINGLETARY'S** property and remained stationed on his property to conduct an undercover drug operation.

17.  At approximately 5:00 p.m. on that date, **ISAAC SINGLETARY** exited his home and approached the trespassers, Defendants **NARCISSE** and **GREEN**, whom he believed were drug dealers.

18.  **ISAAC SINGLETARY** approached Defendants **NARCISSE** and **GREEN**, attempting to exercise his Constitutional right to remove the trespassers and ordered them to leave his property.

19. It was a known fact in the community that **ISAAC SINGLETARY** did not tolerate illegal activity, especially drug selling on his property.  Defendants **CITY, JSO, NARCISSE, GREEN** and **MAYNARD** knew or should have known that **ISAAC SINGLETARY** did not tolerate illegal activity, especially drug selling on his property.

20. Defendants **NARCISSE** and **GREEN**, who **ISAAC SINGLETARY** still believed were drug dealers, refused to leave his property.

21. In fear of death and great bodily harm, **ISAAC SINGLETARY** showed Defendants **NARCISSE** and **GREEN** that he had a gun tucked in the waist of his pants by lifting up his shirt.

22. Defendants **NARCISSE** and **GREEN** did not identify themselves as law enforcement officers at any point before or during the confrontation with **ISAAC SINGLETARY**.

23. Defendants **NARCISSE** and **GREEN**, dressed as drug dealers and failing to identify themselves as law enforcement officers, ordered **ISAAC SINGLETARY** to relinquish his weapon.

24. **ISAAC SINGLETARY** did not comply with the Defendants **NARCISSE** and **GREEN'S** order.

4

25. **NARCISSE** and **GREEN** shot **ISAAC SINGLETARY** two times.  **ISAAC SINGLETARY** returned fire but hit a tree.

26. After being shot two times, the 80 year old citizen, **ISAAC SINGLETARY**, managed to stumble to safety, in his backyard.

27.  Defendants **NARCISSE** and **GREEN** called for backup and backup officers began to surround **ISAAC SINGLETARY'S** home.  Defendants **NARCISSE** and **GREEN** and the backup officers, including Defendant **MAYNARD**, followed **ISAAC SINGLETARY** into his backyard.

28. Although Defendants **NARCISSE** and **GREEN** shot **ISAAC SINGLETARY** two times in the front yard, **ISACC SINGLETARY** managed to make it to the safety of his back yard, where **JSO** officers, including Defendants **NARCISSE, GREEN** and **MAYNARD**, used unnecessary and excessive force and shot **ISAAC SINGLETARY** two more times while he was disoriented, lying on the ground and injured.

29. Defendants **NARCISSE, GREEN** and **MAYNARD** shot **ISAAC SINGLETARY** four times;  once in the neck, once in the abdomen, once in the right side of his chest, and once in the left side of his chest.

30. **ISAAC SINGLETARY** died as a direct result of the shots fired by Defendants **NARCISSE, MAYNARD** and **GREEN**.

31. Defendant **CITY** failed to prosecute Defendants **NARCISSE, MAYNARD** and **GREEN'S** actions, ratifying and adopting Defendants **NARCISSE, MAYNARD** and **GREEN'S** use of unjustified, improper, excessive and unnecessary deadly force.

32. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

33. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**COUNT I**
**Violation of Civil Rights: 42 U.S.C. § 1983**
**Wrongful Death: Fla. Stat. § 768.21**
**(Defendants NARCISSE, GREEN and MAYNARD)**

34. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

35. Defendants **NARCISSE, GREEN and MAYNARD** had a duty to behave reasonably and breached this duty when they wrongfully shot and killed **ISAAC SINGLETARY**.

36. Defendants **NARCISSE, GREEN and MAYNARD** acted in bad faith, with malicious purpose and exhibited a wanton and willful disregard of human rights, safety and property. Defendants **NARCISSE, GREEN and MAYNARD** caused the wrongful death of **ISAAC SINGLTARY**.

37. Aforementioned actions evidence Defendants **NARCISSE, GREEN and MAYNARD'S** deliberate indifference towards the obvious risks associated with such actions, specifically the killing of **ISAAC SINGLETARY**.

38. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

39. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1. Declare that Defendants **NARCISSE, GREEN and MAYNARD** violated **ISAAC SINGLETARY'S** Civil Rights;

2. Declare that Defendants **NARCISSE, GREEN and MAYNARD** violated the Florida

6

Wrongful Death Statute § 768.21;

3.   Enter judgment in favor of Plaintiff and against Defendants **NARCISSE, GREEN and MAYNARD**;

4.   Award compensatory damages to Plaintiff for injuries, including but not limited to,

(a)  Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

(b)  Any and all medical and/or funeral expenses incurred due to the wrongful death of **ISAAC SINGLETARY**;

(c)  Any and all costs associated with this action;

(d)  Any and all further relief as this Court may deem appropriate;

(e)  Any and all bodily injuries incurred due to the excessive force and wrongful death of **ISAAC SINGLETARY**.

5.   Award punitive damages under Florida Statutes § 768.72 and 42 U.S.C. § 1983 for the conduct and actions as described in this complaint committed by Defendants **NARCISSE, GREEN and MAYNARD**.

**COUNT II**
**Violation of Civil Rights: 42 U.S.C. § 1983**
**Use of Excessive Force: Fla. Stat. § 776**
**(Defendants NARCISSE, GREEN and MAYNARD)**

40. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

41. Defendants **NARCISSE, GREEN and MAYNARD** violated Florida Statute § 776.05 which states that deadly force should only be used when some warning has been given, and the officer reasonably believes there is a threat of death or serious physical harm to the officer or others. Further, Defendants violated Florida Statute 776.013(3), which states that deadly force

may be used by a person "who is not engage in unlawful activity and who is attached in any other place where he or she had a right to be" if he or she "reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent a forcible felony."

42. Florida Statute § 776 was created to protect citizens, like **ISAAC SINGLETARY**, from the use of excessive force and deadly force by law enforcement agents, trespassers and others, and to prevent the wrongful death of these citizens.

43. Defendants **NARCISSE, GREEN and MAYNARD** used unnecessary, excessive and deadly force on the person of **ISAAC SINGLETARY**, which violated Florida Statute § 776, which resulted in the wrongful death of **ISAAC SINGLETARY**

44. Defendants **NARCISSE, GREEN and MAYNARD** acted in bad faith, with malicious purpose and exhibited a wanton and willful disregard of human rights, safety and property.

45. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

46. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1.  Declare that Defendants **NARCISSE, GREEN and MAYNARD** violated **ISAAC SINGLETARY'S** Civil Rights;

2.  Enter judgment in favor of Plaintiff and against Defendants **NARCISSE, GREEN and MAYNARD**;

3.  Award compensatory damages to Plaintiff for injuries, including but not limited to,

(a)  Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

(b)  Any and all medical and/or funeral expenses incurred due to the wrongful death of **ISAAC SINGLETARY**;

(c)  Any and all costs associated with this action;

(d)  Any and all further relief as this Court may deem appropriate;

(e)  Any and all bodily injuries incurred due to the excessive force and wrongful death of **ISAAC SINGLETARY**.

4.  Award punitive damages under Florida Statutes § 768.72 and 42 U.S.C. § 1983 for the conduct and actions as described in this complaint committed by Defendants **NARCISSE, GREEN and MAYNARD**.

**COUNT III**
**Violation of Civil Rights: 42 U.S.C. § 1983**
**Wrongful Death: Fla. Stat. § 768.21**
**(Defendants JSO and CITY)**

47. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

48. At all times material herein, Defendants **NARCISSE, GREEN and MAYNARD** were agents or employees of Defendants **JSO** and **CITY**.  At all times material herein Defendants **NARCISSE, GREEN and MAYNARD** were acting within the scope and course of employment and in furtherance of the activities of Defendants **JSO** and **CITY**, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendants **CITY** and **JSO**.

49. **ISAAC SINGLETARY** did not pose any risk to law enforcement officers in the area, or

9

others in the community.  No reasonable law enforcement officer would have concluded that

**ISAAC SINGLETARY** posed any risk of harm, especially when he retreated to the safety of his

back yard.

50. Defendants **NARCISSE, GREEN and MAYNARD** used unnecessary, excessive and

deadly force on the person of **ISAAC SINGLETARY**, which resulted in the wrongful death of

**ISAAC SINGLETARY**.

51. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY**

suffered injuries and damages.

52. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the

Estate of **ISAAC SINGLETARY** suffered injuries and damages.

WHEREFORE, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of

**ISAAC SINGLETARY**, respectfully requests that this Court:

1. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**
   violated **ISAAC SINGLETARY'S** Civil Rights;

2. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**
   violated the Florida Wrongful Death Statute § 768.21;

3. Enter judgment in favor of Plaintiff and against Defendants **JSO, CITY,
   NARCISSE, GREEN and MAYNARD**;

4. Award compensatory damages to Plaintiff for injuries, including but not limited to,
   (a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**,
   and for their mental pain and suffering from the past date of injury through the future,
   as a result of his death;
   (b) Any and all medical and/or funeral expenses incurred due to the wrongful death

of **ISAAC SINGLETARY**;

    (c)  Any and all costs associated with this action;

    (d)  Any and all further relief as this Court may deem appropriate;

    (e)  Any and all bodily injuries incurred due to the excessive force and wrongful

death of **ISAAC SINGLETARY**.

5.  Award punitive damages under Florida Statutes § 768.72 and 42 U.S.C. § 1983 for

the conduct and actions as described in this complaint committed by Defendants

**CITY, JSO, NARCISSE, GREEN and MAYNARD**.

**COUNT IV**
**Violation of Civil Rights: 42 U.S.C. § 1983**
**Use of Excessive Force: Fla. Stat. § 776**
**(Defendants JSO and CITY )**

53. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

54. At all times material herein, Defendants **NARCISSE, GREEN and MAYNARD** were

agents or employees of Defendants **JSO** and **CITY**. At all times material herein Defendants

**NARCISSE, GREEN and MAYNARD** were acting within the scope and course of

employment and in furtherance of the activities of Defendants **JSO** and **CITY**, acting under

color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and

usages of Defendants **CITY** and **JSO**.

55. Defendants **NARCISSE, GREEN and MAYNARD** violated Florida Statute § 776.

56. Defendants **NARCISSE, GREEN and MAYNARD** used unnecessary, excessive and

deadly force on the person of **ISAAC SINGLETARY**.

57. Defendants **NARCISSE, GREEN and MAYNARD** knew, or should have known, about

11

ISAAC SINGLETARY'S past behavior of cooperating with law enforcement officers and knew, or should have known, that ISAAC SINGLETARY posed no threat to them or other persons in the area.

58. Although other options were available Defendants NARCISSE, GREEN and MAYNARD fired shots at ISAAC SINGLETARY who, though armed, presented no immediate danger of death or great bodily harm to Defendants NARCISSE, GREEN and MAYNARD or others.

59. Defendants NARCISSE, GREEN and MAYNARD shot ISAAC SINGLETARY two times without warning.   When ISAAC SINGLETARY retreated from Defendant's attacks and stumbled into his back yard Defendants followed him, shooting him two more times.

60. As a direct and proximate result of said acts of Defendants, ISAAC SINGLETARY suffered injuries and damages.

61. As a direct and proximate result of said acts of Defendants, GARY EVANS and the Estate of ISAAC SINGLETARY suffered injuries and damages.

WHEREFORE, Plaintiff, GARY EVANS, as Personal Representative of the Estate of ISAAC SINGLETARY, respectfully requests that this Court:

1. Declare that Defendants JSO, CITY, NARCISSE, GREEN and MAYNARD violated ISAAC SINGLETARY'S Civil Rights;

2. Declare that Defendants JSO, CITY, NARCISSE, GREEN and MAYNARD violated the Florida Justifiable Use of Force Statute § 776;

3. Enter judgment in favor of Plaintiff and against Defendants JSO, CITY, NARCISSE, GREEN and MAYNARD;

4. Award compensatory damages to Plaintiff for injuries, including but not limited to,

12

(a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

(b) Any and all medical and/or funeral expenses incurred due to the wrongful death of **ISAAC SINGLETARY**;

(c) Any and all costs associated with this action;

(d) Any and all further relief as this Court may deem appropriate;

(e) Any and all bodily injuries incurred due to the excessive force and wrongful death of **ISAAC SINGLETARY**.

5. Award punitive damages under Florida Statutes Section Florida Statutes § 768.72 and 42 U.S.C. § 1983 for the conduct and actions as described in this complaint committed by Defendants **CITY, JSO, NARCISSE, GREEN and MAYNARD**.

**COUNT V**
**Violation of Civil Rights: 42 U.S.C. § 1983**
**(Defendants Narcisse, Green and Maynard)**

62. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

63. At all times material herein, Defendants **NARCISSE, GREEN and MAYNARD** were agents or employees of Defendants **JSO** and **CITY**. At all times material herein Defendants **NARCISSE, GREEN and MAYNARD** were acting within the scope and course of employment and in furtherance of the activities of Defendants **JSO** and **CITY**, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendants **CITY** and **JSO**.

64. Defendants **NARCISSE, GREEN and MAYNARD** deprived **ISAAC SINGLETARY**

13

of rights and privileges guaranteed to him by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

65. Defendants **NARCISSE, GREEN and MAYNARD** trespassed upon **ISAAC SINGLETARY'S** property and shot him two times without warning and without informing him that they were undercover law enforcement officers.

66. After being shot two times, **ISAAC SINGLETARY** stumbled to the safety of his back yard. Defendants **NARCISSE, GREEN and MAYNARD** followed the injured **ISAAC SINGLETARY** to his back yard.

67. Instead of securing emergency medical treatment for **ISAAC SINGLETARTY**, Defendants shot **ISAAC SINGLETARY** two more times, causing his death.

68. Defendants **NARCISSE, GREEN and MAYNARD** were the direct and proximate cause of the violations of **ISAAC SINGLETARY'S** constitutional rights. .

69. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

70. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated **ISAAC SINGLETARY'S** Constitutional Rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States;

2. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated the Florida Wrongful Death Statute § 768.21;

14

3. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated Florida Statute § 776;

4. Enter judgment in favor of Plaintiff and against Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**;

5. Award compensatory damages to Plaintiff for injuries, including but not limited to,

   (a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

   (b) Any and all medical and/or funeral expenses incurred due to the wrongful death of **ISAAC SINGLETARY**;

   (c) Any and all costs associated with this action;

   (d) Any and all further relief as this Court may deem appropriate;

   (e) Any and all bodily injuries incurred due to the excessive force and wrongful death of **ISAAC SINGLETARY**.

6. Award punitive damages under Florida Statutes § 768.72 and 42 U.S.C. § 1983 for the conduct and actions as described in this complaint committed by Defendants **CITY, JSO, NARCISSE, GREEN and MAYNARD**.

**COUNT VI**
**Negligence**
**(Defendants CITY and JSO)**

71. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

72. At all times material herein, Defendants **NARCISSE, GREEN and MAYNARD** were agents or employees of Defendants **JSO** and **CITY**. At all times material herein Defendants **NARCISSE, GREEN and MAYNARD** were acting within the scope and course of

employment and in furtherance of the activities of Defendants **JSO** and **CITY**, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendants **CITY** and **JSO**.

73. Defendants **CITY** and **JSO** had a duty to formulate, oversee and implement official policies, procedures, practices and customs to protect the public during undercover drug operations.

74. Defendants **CITY** and **JSO** breached this duty and failed to implement policies and customs to protect the community from obvious risks and foreseeable dangers caused by undercover drug operations.

75. Defendants **CITY** and **JSO** breached this duty and maintained policies or customs exhibiting deliberate indifference to obvious risks and the constitutional rights of persons of Jacksonville, Florida.

76. Defendants **CITY** and **JSO** breached this duty and maintained policies or customs that inadequately supervised and trained its law enforcement officers, including Defendants **NARCISSE, GREEN and MAYNARD**, causing law enforcement officers, specifically Defendants **NARCISSE, GREEN and MAYNARD**, to violate the constitutional rights of citizens, specifically **ISAAC SINGLETARY**.

77. Defendants **CITY** and **JSO** created obvious risks and foreseeable dangers to the public and specifically **ISAAC SINGLETARY** by placing Defendants **NARCISSE, GREEN and MAYNARD** in a position to conduct an undercover drug operation without adequate and sufficient training.

78. By and through its practices, policies and customs, Defendants **CITY** and **JSO** violated the following civil and constitutional rights of **ISAAC SINGLETARY**:

a. The right and privilege to be secure in his person;

b. The right and privilege not to be deprived of his life and liberty without due process of law;

c. The right and privilege not to be subjected to punishment without due process of law;

d. The right and privilege to be free from cruel and unusual punishment;

e. The right and privilege to be free from arbitrary intrusion by the police;

f. The right to exclude persons from his property;

g. The right and privilege to defend his person and property;

h. The right and privilege to be immune from illegal assault and battery;

i. The right to equal protection under the law.

79. Defendants **CITY** and **JSO** authorized practices, and engaged in practices and customs whereby undercover detectives engaged in unlawful and warrantless entry onto private property to conduct undercover drug operations.

80. The killing of a property owner is an obvious risk and foreseeable danger associated with said practices and customs.

81. Defendants **CITY** and **JSO** failed to establish policies and procedures necessary to ensure that undercover officers would not injure citizens, exhibiting a deliberate indifference to the obvious risks associated with undercover drug operations.

82. As a result of the policies and customs of Defendants **CITY** and **JSO** law enforcement officers, including Defendants **NARCISSE, GREEN and MAYNARD**, believed that their unjustified and unnecessary use of deadly force would not be sanctioned and would be tolerated by Defendants **CITY** and **JSO**.

83. Defendants **CITY** and **JSO** failed to ensure that Defendants **NARCISSE** and **MAYNARD** were held accountable for violating **ISAAC SINGLETARY'S** civil rights, alternatively ratifying and condoning Defendants **NARCISSE, GREEN and MAYNARD'S** actions.

84. After the killing of **ISAAC SINGLETARY,** Defendants **CITY** and **JSO** failed to implement necessary corrective measures to ensure that other citizens, like **ISAAC SINGLETARY**, would not face the same violent death as **ISAAC SINGLETARY**.

85. Even in light of a shooting by an undercover detective just eight (8) days prior to the shooting and killing of **ISAAC SINGLETARY**, Defendants **CITY** and **JSO** failed to institute measures that would prevent harm to the general public and specifically **ISAAC SINGLETARY**, by the use of excessive and deadly force of its undercover detectives.

86. Defendants **CITY** and **JSO** were vested with the authority to fire and discipline employees of **JSO**, including Defendants **NARCISSE, GREEN and MAYNARD**, but failed to do so, ratifying and adopting Defendants **NARCISSE, GREEN and MAYNARD'S** use of deadly force despite overwhelming proof that the killing was unjustified, improper and unnecessary.

87. Defendant **CITY** failed to prosecute Defendants **NARCISSE, GREEN and MAYNARD'S** actions, ratifying and adopting Defendants **NARCISSE, GREEN and MAYNARD'S** use of deadly force despite overwhelming proof that the killing was unjustified, improper and unnecessary.

88. Upon learning of the excessive and deadly force used against **ISAAC SINGLETARY**, the institutional Defendants **CITY** and **JSO** failed to take appropriate disciplinary action against Defendants **NARCISSE, GREEN and MAYNARD**.

89. Aforementioned actions evidence Defendants **CITY** and **JSO'S** deliberate indifference to the obvious risks associated with such actions, specifically the killing of **ISAAC SINGLETARY**.

90. As a direct and proximate result of the aforementioned acts, Defendants **CITY** and **JSO** violated **ISAAC SINGLETARY'S** constitutional rights, causing his wrongful death.

91. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

92. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1.  Declare that Defendants **JSO** and **CITY** violated **ISAAC SINGLETARY'S** Constitutional Rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States;

2.  Declare that Defendants **JSO** and **CITY** violated the Florida Wrongful Death Statute § 768.21;

3.  Declare that Defendants **JSO** and **CITY** violated Florida Statute § 776;

4.  Enter judgment in favor of Plaintiff and against Defendants **JSO** and **CITY**;

5.  Award compensatory damages to Plaintiff for injuries, including but not limited to,

    (a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

    (b) Any and all medical and/or funeral expenses incurred due to the wrongful death

of **ISAAC SINGLETARY**;

(c)  Any and all costs associated with this action;

(d)  Any and all further relief as this Court may deem appropriate;

(e)  Any and all bodily injuries incurred due to the excessive force and wrongful

death of **ISAAC SINGLETARY**.

6.   Award punitive damages under Florida Statute § 768.72 and 42 U.S.C. § 1983 for the

conduct and actions as described in this complaint committed by Defendants **CITY,**

**JSO, NARCISSE, GREEN and MAYNARD**

**COUNT VII**
**Florida Statute § 768.28**
**(Vicarious Liability of Defendants JSO and CITY)**

93. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

94. At all times material herein, Defendants **NARCISSE, GREEN and MAYNARD** were
agents or employees of Defendants **JSO** and **CITY**.  At all times material herein Defendants
**NARCISSE, GREEN and MAYNARD** were acting within the scope and course of
employment and in furtherance of the activities of Defendants **JSO** and **CITY**,  acting under
color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and
usages of Defendants **CITY** and **JSO**.

95. Defendants **CITY** and **JSO** have waived sovereign immunity pursuant to Florida Statute
§ 768.28.

96. Defendants **NARCISSE, GREEN and MAYNARD** had a duty to act prudently and
reasonably and  breached said duty when Defendants violated **ISAAC SINGLETARY'S** Fourth,
Eighth and Fourteenth Amendment Rights.

97. Defendants **CITY** and **JSO** exercised control over Defendants **NARCISSE** and
**MAYNARD** and are liable for their negligent acts.

20

98. Defendants **NARCISSE, GREEN and MAYNARD** were the direct and proximate cause of the violations of **ISAAC SINGLETARY'S** constitutional rights.

99. Defendants **NARCISSE, GREEN and MAYNARD** were the direct and proximate cause of **ISAAC SINGLETARY'S** wrongful death.

100. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

101. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated **ISAAC SINGLETARY'S** Constitutional Rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States;

2. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated the Florida Wrongful Death Statute § 768.21;

3. Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD** violated Florida Statute § 776;

4. Enter judgment in favor of Plaintiff and against Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**;

5. Award compensatory damages to Plaintiff for injuries, including but not limited to,

   (a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

21

(b) Any and all medical and/or funeral expenses incurred due to the wrongful death

of **ISAAC SINGLETARY**;

(c) Any and all costs associated with this action;

(d) Any and all further relief as this Court may deem appropriate;

(e) Any and all bodily injuries incurred due to the excessive force and wrongful

death of **ISAAC SINGLETARY**.

6. Award punitive damages under Florida Statutes § 768.72 and 42 U.S.C. § 1983 for

the conduct and actions as described in this complaint committed by Defendants

**CITY, JSO, NARCISSE, GREEN and MAYNARD**.

## COUNT VIII
### Negligence
### (Defendants CITY and JSO)

102. Plaintiff hereby incorporates paragraphs 1-33 as though fully set forth.

103. Defendants **CITY** and **JSO** have waived sovereign immunity pursuant to Florid Statute

§ 768.28.

104. Defendants **CITY** and **JSO** had a duty to formulate, oversee and implement official

policies, procedures, practices and customs to protect the public during undercover drug

operations.

105. Defendants **CITY** and **JSO** had a duty to remove officers with excessively violent

propensities, like Defendants **NARCISSE, GREEN and MAYNARD**, from law enforcement

positions.

106. Defendants **CITY** and **JSO** breached said duties.

107. Defendant **CITY**, by and through Defendant **JSO**, evidenced a deliberate indifference

towards the obvious risk caused to the general public, particularly **ISAAC SINGLETARY**.

direct and proximate result of the aforementioned acts, Defendants **CITY**

22

108. As a direct and proximate result of the aforementioned acts, Defendants **CITY** and **JSO** violated **ISAAC SINGLETARY'S** constitutional rights, causing his wrongful death.

109. As a direct and proximate result of said acts of Defendants, **ISAAC SINGLETARY** suffered injuries and damages.

110. As a direct and proximate result of said acts of Defendants, **GARY EVANS** and the Estate of **ISAAC SINGLETARY** suffered injuries and damages.

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC SINGLETARY**, respectfully requests that this Court:

1. Declare that Defendants **JSO** and **CITY** violated **ISAAC SINGLETARY'S** Constitutional Rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States;

2. Declare that Defendants **JSO** and **CITY** violated the Florida Wrongful Death Statute § 768.21;

3. Declare that Defendants **JSO** and **CITY** violated Florida Statute § 776;

4. Enter judgment in favor of Plaintiff and against Defendants **JSO** and **CITY;**

5. Award compensatory damages to Plaintiff for injuries, including but not limited to,

    (a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**, and for their mental pain and suffering from the past date of injury through the future, as a result of his death;

    (b) Any and all medical and/or funeral expenses incurred due to the wrongful death of **ISAAC SINGLETARY;**

    (c) Any and all costs associated with this action;

    (d) Any and all further relief as this Court may deem appropriate;

(e) Any and all bodily injuries incurred due to the excessive force and wrongful

death of **ISAAC SINGLETARY**.

6.  Award punitive damages under Florida Statutes Section 768.72 and 42 U.S.C. § 1983

for the acts described in this complaint committed by Defendants **CITY** and **JSO**.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of **ISAAC**

**SINGLETARY**, respectfully requests that this Court:

1.  Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**

violated **ISAAC SINGLETARY'S** Constitutional Rights guaranteed by the Fourth,

Eighth and Fourteenth Amendments of the Constitution of the United States;

2.  Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**

violated the Florida Wrongful Death Statute § 768.21;

3.  Declare that Defendants **JSO, CITY, NARCISSE, GREEN and MAYNARD**

violated the Florida Statute § 776;

4.  Enter judgment in favor of Plaintiff and against Defendants **JSO, CITY,**

**NARCISSE, GREEN and MAYNARD**;

5.  Award compensatory damages to Plaintiff for injuries, including but not limited to:

(a) Loss of companionship to the survivors of the Estate of **ISAAC SINGLETARY**,

and for their mental pain and suffering from the past date of injury through the future,

as a result of his death;

(b) Any and all medical and/or funeral expenses incurred due to the wrongful death

of **ISAAC SINGLETARY**;

(c) Any and all costs associated with this action;

24

(d)  Any and all further relief as this Court may deem appropriate;

(e)  Any and all bodily injuries incurred due to the excessive force and wrongful

death of **ISAAC SINGLETARY**.

6.  Award punitive damages under Florida Statutes Section 768.72 and 42 U.S.C. § 1983

for the conduct and actions as described in this complaint committed by Defendants

**CITY, JSO, NARCISSE, GREEN and MAYNARD.**

## TRIAL BY JURY

WHEREFORE, Plaintiff, **GARY EVANS**, as Personal Representative of the Estate of

**ISAAC SINGLETARY**, hereby demands a trial by jury on all issues so triable.

DATED this 3rd day of December, 2008.

Respectfully Submitted,

**PARKS & CRUMP, L.L.C.**
240 N. Magnolia Drive
Tallahassee, Florida 32301
(850) 224-6400
*Attorneys for Plaintiffs*

_____
**Benjamin L. Crump, Esquire**
FBN: 0072583

_____
**Tiffany V. Mount Esquire**
FBN: 0029287

25